# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-CV-00846-ALB-WC |
| | ) | |
| ROBERT WILKIE, Secretary of | ) | |
| Veteran Affairs, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Robert Wilkie, Secretary of Veteran Affairs, the Department of Veterans Affairs, and Central Alabama Veteran Affairs Healthcare System's (collectively, "Defendants") Motion to Dismiss. (Doc. 16). Upon consideration, the motion is **DENIED.**

## BACKGROUND

Plaintiff Tammy Rogers, a 53-year-old white female, filed a complaint against Defendants on October 1, 2018, alleging (1) race discrimination, a racially hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and (2) age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Rogers is a Registered Nurse ("RN") and was employed by the Central Alabama Veteran Affairs Healthcare

System ("VA") as a Staff Nurse until December 29, 2016, at which time she alleges she was forced to transfer to the VA's call center because of the harassment and retaliation she suffered as a Staff Nurse. Rogers was one of two white nurses and the only white RN of twelve nurses employed by the VA. While employed as a Staff Nurse, Rogers claims that she was subjected to harassment and discriminated against by two African-American supervisors: Acting Nurse Manager Delana Flowers and Acting Nurse Manager Dorothy Chambliss. Rogers also alleges that she was harassed by her African-American co-workers. After Rogers transferred to the call center, Rogers claims that she was replaced by a younger, African-American RN.

## STANDARD

For purposes of a motion to dismiss, the Court assumes the factual allegations are true and construes them in the light most favorable to Plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss based on a challenge to the sufficiency of the pleadings, Plaintiff need not plead her claims with "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, Plaintiff need only plead sufficient factual matter, accepted as true, that would allow the court "to draw the reasonable inference that [D]efendant[s] [are] liable for the misconduct alleged." *Id.*

**DISCUSSION**

Defendants argue that Plaintiff's claims should be dismissed because Plaintiff (1) failed to exhaust her administrative remedies and (2) failed to plausibly state a claim for relief under Fed. R. Civ. P. 8(a). The Court rejects each of these arguments.

**I.     Plaintiff's Exhaustion of Administrative Remedies**

To file an action under Title VII or the ADEA, a federal employee must first exhaust her administrative remedies. *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). "Good faith effort by the employee to cooperate with the agency . . . and to provide all relevant, available information is all that exhaustion requires." *Id.* Defendants argue that Plaintiff failed to exhaust her remedies because the Final Agency Decision issued by the Department of Veterans Affairs ("Department") notes that Plaintiff "did not participate in the investigation of her complaint." (Doc. 1-6 at 4). But Plaintiff argues that she exhausted her administrative remedies because the Department issued a decision on the merits of her claims. She also disputes that she did not participate in the investigation of her complaint.

The Eleventh Circuit has not expressly addressed whether a plaintiff fails to exhaust her administrative remedies such that she is barred from filing suit in federal court when she fails to comply with an agency's request for information but the agency still adjudicates her claim. However, courts in the Eleventh Circuit, as well as other courts of appeal and district courts, have unanimously held that an

employee's failure to cooperate in the administrative process only precludes exhaustion "when it prevents the agency from making a determination on the merits." *Melendez v. Sebelius*, 611 F. App'x 762, 764 (4th Cir. 2015); *see, e.g.*, *Jasch v. Potter*, 302 DF.3d 1092, 1095-96 (9th Cir. 2002) ("[I]f an agency reaches the merits of a claim, despite a claimant's failure to comply with requests for information, administrative remedies should be presumed sufficiently exhausted to permit suit in federal court."); *Wilson v. Pena*, 79 F.3d 154, 165 (D.C. Cir. 1996) ("Where the agency has taken final action based on an evaluation of the merits, it cannot later contend that the complainant failed to exhaust his remedies."); *Johnson v. Bergland*, 614 F.2d 415, 418 (5th Cir. 1980) ("[I]f the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either."); *Arledge v. Potter*, No. CV405-161, 2006 WL 1687756, at *3 (S.D. Ga. June 14, 2006) ("Where the federal agency reaches a decision on the merits, a plaintiff's failure to exhaust administrative remedies will not bar her suit in federal court.").

The question then is whether the Department issued a final decision on the merits of Plaintiff's claims. The Court concludes that it did. Tellingly, in most, if not all, of the cases cited by Defendants, the agency dismissed or cancelled the plaintiff's complaint for failure to prosecute or failure to provide sufficient information to reach a decision on the merits. But in this case and unlike the cases cited by Defendants,

4

the Department did not cancel Plaintiff's claim because she failed to cooperate in the investigation—it made a determination on the merits of Plaintiff's claims. Specifically, the Department issued a final decision finding that Plaintiff "failed to establish a prima facie case of hostile environment [sic] harassment based on race, age, or reprisal." (Doc. 1-6 at 5). Defendants acknowledge the agency's decision on the merits in their own brief. (Doc. 17 at 4). Accordingly, Defendants' motion to dismiss on the grounds that Plaintiff failed to exhaust her administrative remedies is due to be denied.

## II. Plaintiff's Discrimination Claims under Title VII and the ADEA

Defendants next argue that Plaintiff has failed to plausibly state claims for racial harassment and discrimination under Title VII and age discrimination under the ADEA. These arguments also fail.

### A. Title VII - Hostile Work Environment Claim

To plead a hostile work environment claim, a plaintiff must allege (1) that she belongs to a protected class, (2) that she has been subjected to unwelcomed harassment, (3) that the harassment was based on a protected characteristic of the employee, (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment, and (5) that the employer is liable for the harassment. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Foster v. Auburn Univ. Montgomery*, 2011 WL 6140965, at *3 (M.D. Ala. Dec. 8, 2011).

5

A plaintiff can show that alleged conduct was based on a protected characteristic, such as race, by showing that "similarly situated persons [who were not in the protected class] were treated differently and better." *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1302 (11th Cir. 2007).

Defendants argue that Plaintiff's hostile work environment claim should be dismissed because Plaintiff failed to plead that the alleged harassment was based on her race and that the alleged harassment was severe or pervasive. The Court disagrees.

Plaintiff alleges in her Complaint that she was "severely harassed" by her African-American managers and co-workers on a "constant and frequent basis." (Doc. 1, ¶ 55). To support this contention, she specifically alleges that her supervisors treated her worse than similarly situated employees of another race by, among other things, (1) routinely calling Plaintiff into the office to intimidate her, (2) routinely belittling Plaintiff in front of her co-workers and veterans, (3) making race-related comments directed at Plaintiff, such as "[y]ou're the minority here," (4) subjecting her to heightened scrutiny compared to her co-workers, (5) admonishing her, but not her co-workers, for tardiness, (6) failing to address and/or discipline the mistreatment and harassment of Plaintiff by her co-workers, (7) refusing to provide her nursing assistance, and (8) denying her training opportunities that were given to her coworkers. (Doc. 1, ¶¶ 20-22, 24, 28-32). Plaintiff claims that, as a result of the

racial harassment, she was ultimately forced to transfer to the VA's call center where she is currently employed. (Doc. 1, ¶ 51).

The Court must consider Plaintiff's factual allegations "against the backdrop of the complaint as a whole." *Cotton States Mut. Ins. Co. v. Daniel*, No. 3:07-cv-843, 2008 WL 4999097, at *5 (M.D. Ala. Nov. 20, 2008); *see Gonzalez v. DeKalb Med. Ctr.*, No. 1:08-cv-3366, 2009 WL 10664894, at *15 (N.D. Ga. Dec. 30, 2009) ("Conduct that appears [race]-neutral in isolation may in fact be [race]-based, but may appear so only when viewed in the context of other race-based behavior." (quoting *Chavez v. New Mexico*, 397 F.3d 826, 833 (10th Cir. 2005))). Reading the Complaint as a whole and construing its allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a plausible hostile work environment claim under Title VII.

B. <u>Title VII – Disparate Treatment</u>

Plaintiff also asserts a disparate treatment claim under Title VII based on her race. To establish a race discrimination claim, a plaintiff must show that (1) she is a member of protected class, (2) she was qualified for the job, (3) she suffered an adverse employment action, and (4) a similarly-situated person outside of her protected class was treated more favorably or she was replaced by someone outside of her protected class. *Bolton v. Potter*, 198 F. App'x 914, 916 (11th Cir. 2006).

7

Defendants argue that Plaintiff's race discrimination claim should be dismissed for three reasons: (1) Plaintiff does not allege an adverse employment action; (2) Plaintiff does not allege a comparator; and (3) Plaintiff does not allege that she is qualified for the position. In other words, Defendants' argument is based on Plaintiff's alleged failure to plead three of the four elements of a prima facie case for race discrimination. Plaintiff argues that she is not required to plead each element of a prima facie case to state a plausible claim for race discrimination but that even if she were required to do so, she has.

It is well-established that a plaintiff need not plead the elements of a prima facie case of race discrimination to survive a motion to dismiss. *Castillo v. Allegro Resort Marketing*, 603 F. App'x 913, 917 (11th Cir. 2015) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). Rather, the elements necessary to prove a prima facie case of discrimination at most "provide[] guidance on the factual allegations necessary to plead a plausible claim." *Dillard v. Brennan*, No. 2:17-cv-338, 2019 WL 1388579, at *3 (M.D. Ala. Mar. 27, 2019).

Here, to support her race discrimination claim, Plaintiff alleges that she is an RN who was hired as a Staff Nurse and stayed in the Staff Nurse position for approximately one year. (Doc. 1, ¶¶ 14, 51). She further alleges that, in that position, she was treated less favorably than her African-American co-workers and that, after she was forced to transfer to a different position, she was replaced by an African-

American employee. (Doc. 1 at ¶ 53, 62). More specifically, Plaintiff alleges that her supervisor, among other things, (1) made race-related comments to her, (2) refused to accommodate her scheduling requests but accommodated the scheduling requests of her co-workers, (3) admonished her for tardiness but not her co-workers, (4) denied her training and other work opportunities that were given to co-workers, including her less experienced co-worker, and (5) assigned her to a unit without nursing assistance unlike her co-workers. (Doc. 1, ¶ 22-24, 30-31, 62).

Based on these factual allegations and the other factual allegations in the Complaint, which are viewed in the light most favorable to Plaintiff, the Court concludes that Plaintiff has sufficiently pleaded a claim for race discrimination. Accordingly, Defendants' motion to dismiss Plaintiff's disparate treatment claim under Title VII is due to be denied.

C. ADEA – Disparate Treatment

Similar to their arguments with respect to Plaintiff's race discrimination claim, Defendants argue that Plaintiff's age discrimination claim should be dismissed because Plaintiff's factual allegations "do not make out a *prima facie* case of discrimination." To establish an age discrimination claim, a plaintiff must show that (1) she is a member of protected class, (2) she was qualified for the job, (3) she suffered an adverse employment action, and (4) she was replaced by, or treated less favorably than, a substantially younger person. *See Liebman v. Metro. Life Ins. Co.*,

808 F.3d 1294, 1298 (11th Cir. 2015); *McQueen v. Wells Fargo*, 573 F. App'x 836, 839 (11th Cir. 2014). Defendants argue that Plaintiff failed to allege an adverse employment action and failed to allege that she was qualified for the position. But again, Plaintiff is not required to plead the elements of a prima facie case to survive a motion to dismiss.

Plaintiff asserts several factual allegations supporting her claim for age discrimination. For instance, Plaintiff alleges that she was replaced by a younger employee; that the two supervisors who allegedly discriminated against her made age-related comments directed at her and/or about hiring practices; that she was denied training opportunities that were offered to a younger, less experienced employee; and that, as a result of the discrimination, she was constructively forced to transfer to a lesser position—all of which support an inference of age discrimination sufficient to survive a motion to dismiss. (Doc. 1, ¶¶ 19, 30-31, 43, 51, 53) Thus, Defendants' motion to dismiss Plaintiff's age discrimination claim is due to be denied.

### III. Plaintiff's Retaliation Claims under Title VII and the ADEA

Lastly, Defendants argue that Plaintiff's retaliation claims under Title VII and the ADEA should be dismissed because Plaintiff failed to allege that she engaged in protected activity and failed to allege that she suffered an adverse employment action. These arguments are unsupported based on a fair reading of the Complaint.

Plaintiff alleges that she engaged in protected activity by complaining of racial discrimination and/or harassment on at least four occasions: (1) in February 2016 when she complained to the union, (2) in April 2016 when she complained to the Office of Resolution Management ("ORM"), (3) in May 2016 when she met with management, including her supervisor, and the union representative, and (4) in August 2016 when she filed an EEO Complaint. (Doc. 1, ¶¶ 25, 26, 39, 50). Plaintiff alleges that she engaged in protected activity by complaining of age discrimination on at least two occasions: (1) in April 2016 when she complained to the ORM and (2) in August 2016 when she filed an EEO Complaint. (Doc. 1, ¶ 39; Doc. 1-3 at 1).[1]

In addition, Plaintiff alleges that both supervisors who she claims retaliated against her were aware that Plaintiff engaged in protected activity and that one of her supervisors made multiple comments to her, such as "[y]ou're on my staff for now," after learning about the complaints. (Doc. 1, ¶¶ 26, 33, 48). And finally, Plaintiff alleges that her supervisors began retaliating against her shortly after she complained of unlawful discrimination and harassment by denying her training and other work opportunities, denying her nursing assistance, and constructively forcing her to transfer to a lesser position.

---

[1] Plaintiff's EEO Complaint is referenced in Plaintiff's Complaint and is central to her claims. Thus, the Court may consider the EEO Complaint as part of the pleadings for purposes of Defendants' motion to dismiss. *Caetio v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1207-08 (N.D. Ala. 2014) (citing *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)).

The Court finds that these factual allegations, accepted as true, are sufficient to plausibly state claims for retaliation under Title VII and the ADEA. Thus, Defendants' motion to dismiss Plaintiff's retaliation claims is due to be denied.

## CONCLUSION

In allowing Plaintiff's claims to proceed, the Court does not express any view on the merits—or lack thereof—of Plaintiff's claims. In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. 544, 556 (2007)). The facts in this case may very well prove differently at the summary judgment stage. But for purposes of the pleadings stage, Plaintiff has alleged sufficient factual matter in her Complaint to state plausible claims under Title VII and the ADEA. Accordingly, Defendants' Motion to Dismiss (Doc. 16) is **DENIED.**

**DONE** and **ORDERED** this 6th day of December 2019.

/s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE